Swing, J.
The error complained of was the action of the court in instructing the jury to return a verdict for the defendant.
The action of the plaintiff was for damages, arising out of the action of the defendants in improving the Madisonville turnpike, abutting on plaintiff's property. The evidence is contained in the bill of exceptions, and shows the following state of facts:
The defendants improved the Madisonville pike under an act of the legislature, passed in April, 1888.' The plaintiff is the owner of a tract of land, consisting, of about forty-six acres, not subdivided, fronting on said pike for some 400 feet. The improvements on said farm consisted of a house and barn, and the land was used for pasturage; the access to the improvements was from the Edwards road — a road intersecting with said pike. The pike was an old established road, and in use for more than fifty years. At the point where it abutted on the land of plaintiff, the grade of the road was nearly on a level with plaintiff's land. For about 300 feet in front of plaintiff's land, in improving the pike, the defendants raised the grade of the road so that an embankment was constructed at the highest point, reaching thirteen feet, and along a considerable portion of it being so steep as to cut off plaintiff's access to her property from said pike. In making the fill, *238 defendants tore down and removed a fence on plaintiff’s land along said pike, and also placed earth on said plaintiff’s land to support said embankment. The amount of plaintiff’s land, appropriated in this way, covered about 3,900 square feet of ground, or nearly one-tenth of an acre.
The evidence tends to show that this land, previous to making this embankment, was suitable for subdivision into lots, and was worth about $25.00 per front foot — but that, by reason of the embankment, it is now unfit for that purpose, unless the ground is filled up to a level with the same, and that it will cost a very large sum of money to make the necessary fill. -There, was no evidence to show the damage to the plaintiff caused by the appropriation of the land to support the embankment, nor was there any evidence as to the value of the fence destroyed. The jury viewed the premises beforfe hearing the evidence.
Upon these facts, did the court err in taking the case from the jury?
It is claimed by the plaintiff in error, that the jury having viewed the premises, there was evidence before them for their consideration. But we think this is not correct.
In the 7 C. C. Rep., at page 136, the court say: “A view under section 5189-5191, Rev. Stat., is solely to enable the jury to apply the testimony adduced upon the trial; and an instruction that the jury must consider such view as evidence in the case is error.”
We think this is the law.
But the evidence was before the jury that the defendants had appropriated 3,900 square feet of plaintiff’s land in making the fill, and in maintaining this fill by the support of the earth on this land it was an invasion of plaintiff’s rights. It is true, there was no evidence as to the amount of this injury in dollars and cents, but notwithstanding, it was an invasion of plaintiff’s rights and she was entitled to damages. This fundamental principle of the law is thus stated by Sedgwick on Damages, sec. 97 :
Iioellcer & Jellce, for plaintiff in error.
Spiegel & Bromwell, for the commissioners.
“Whenever the breach of an agreement or the invasion of a right is established, the English law infers some damage to the plaintiffs, and if no evidence is given of any particular amount of loss, it declares the right by awarding what it terms nominal damages, being some sum, as a 'farthing, a penny, or sixpence. Ubi jus ibi remedium. Every injury, said Lord Holt, imparts a damage * *. So a man shall have an action against another for riding over his ground, though it do him no damage, for it is an invasion of his property, and the other has no right to come there * *. Whenever, says Mr. Sergeant Williams, any act’ injures another’s right and would be evidence in future in favor of the wrongdoer, an action may be maintained for an invasion of the right, without proof of any specific injury.”
■ And at sec. 98, the same author says:
“ It is now well established, that nominal damages may be recovered for the bare infringement of a right * * • to state when rights are infringed, and consequently when nominal damages are recoverable, would be to recapitulate the whole corpus juris;” and illustrations follow in the same work, covering the case at bar.
Clearly, upon principle and the above authority, the plaintiff was entitled to nominal damages, and we think the court erred in saying to the jury that they should find for the defendant.
As to whether plaintiff was damaged in any other respect, it is not necessarily before us. We might say, however, that in our opinion, the plaintiff is not damaged. This land was in bulk, not subdivided, and the authorities had a right to make any grade upon the road that was reasonable. No improvements had been made by plaintiff with a view to the former grade of the road, and no means of access to the improvements that had been constructed, had been damaged or destroyed.
The judgment of the court of common pleas will, therefore, be reversed, and the cause remanded for further proceedings.